**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| HARRY CUTCHINS and MARIA E. CUTCHINS,  )<br>)<br>Plaintiffs  )<br>)<br>v.  )<br>)<br>M&T BANK CORP and SAFEGUARD  )<br>PROPERTIES, LLC  )<br>)<br>Defendants.  )<br>) | Case NO. 14-00116<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COME NOW Harry and Maria Cutchins, by and through the undersigned attorney, and as their Complaint against the above named Defendants state as follows:

### JURISDICTION AND VENUE

1. These claims arise from the careless servicing and illegal debt collection practices related to a real estate mortgage loan secured by Plaintiffs' home, and principal residence, located in Baldwin County, Alabama.

2. This action also includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331 and 12 U.S.C. § 2614. Plaintiffs also assert various state law tort claims arising from the same set of operative facts as to which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

### PARTIES

3. Plaintiff, Harry M. Cutchins is a resident of Baldwin County, Alabama and is over the age of nineteen (19) years.

1

4. Plaintiff, Maria E. Cutchins is a resident of Baldwin County, Alabama and is over the age of nineteen (19) years.

5. Defendant M&T Bank Corporation, (hereinafter "M&T") is a foreign corporation doing business in Baldwin County, Alabama.

6. Safeguard Properties, LLC ("Safeguard") is a Delaware Limited Liability Company that does business in Baldwin County, Alabama. Safeguard in a Debt Collector as defined by the Fair Debt Collection Practices Act ("FDCPA").

## SUMMARY OF CLAIMS

7. These claims arise from the careless servicing of a real estate mortgage loan relating to the Plaintiffs' home, and principal residence. Some claims brought are under the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. § 2601 et seq. Claims are also brought for breach of contract and the common law of the State of Alabama for the failure to timely credit their monthly mortgage payments to their account. Plaintiffs also claim that M&T, failed to properly respond to a servicing error in violation of 12 U.S.C. § 2605(e)(2)(A). Plaintiffs assert common law claims of negligence and wantonness in connection with M&T's mismanagement of their escrow funds and monthly payments.

8. Claims are brought against Safeguard and M&T for its violations of the FDCPA invasion of privacy and trespass.

## FACTUAL ALLEGATIONS

9. Plaintiffs are adult residents of Baldwin County and the owners of real property located at 35364 Spring Road North, Stapleton, Alabama, (hereinafter the "Property").

10. On or about August 12, 2003, Plaintiffs obtained a mortgage loan from Countrywide which was secured by their principal residence. The amount of the loan was $140,000.00, which was financed over a period of 30 years, with a fixed interest rate. Monthly payments of principal and interest are $764.90.

11. Plaintiffs were further required to pay the amounts necessary for payment of insurance into an escrow account initially maintained by Countrywide.

12. At all relevant times, Mr. Cutchins, a disabled veteran, was exempt from the payment of property taxes on his residence.

13. At all relevant times, the Cutchins' timely made their mortgage payments.

14. The servicing of the Cutchins' loan was transferred to Bank of America, NA and then to M&T.

15. M&T assumed the servicing of Plaintiffs' loan on or about August 2, 2013.

16. At the time M&T assumed servicing of Plaintiffs' loan, M&T considered it to be in default. Plaintiffs dispute that there has been any default.

17. When it acquired servicing rights, M&T sent Plaintiffs Exhibit "A" which is filed herewith and incorporated by reference.

18. Exhibit "A" does not contain the disclosures required by the FDCPA.

19. Included in exhibit "A" was a request that the Cutchins contact their insurance company and update the loss payee and the Cutchins promptly did so.

20. The Cutchins provided proof of Homeowner's coverage in the amount of $226,000 purchased from Geovera Specialty Insurance Company at a cost of $2,254.62.

21. Notwithstanding the fact that the Cutchins provided M&T of proof of their insurance coverage, M&T refused to cancel a policy that was forced placed on July 7, 2013 by either Bank of America or M&T at a cost of $3,727.00.

22. Immediately after assuming servicing M&T began a campaign of harassment of the Cutchins. Agents of M&T called the Cutchins several times a day, and sent letters demanding payment of amounts that were not due and threatening foreclosure.

23. M&T failed to properly credit payments to the Cutchins' account on numerous occasions, charged numerous unnecessary fees for "property inspection" and held other monies belonging to the Cutchins in "suspense" rather than applying them to principal or interest as required by the mortgage and note.

24. M&T has also reported false and inaccurate information to credit bureaus about Plaintiffs' account.

25. Section 5 of the mortgage "Uniform Covenants" sets forth the procedure for a lender's advance, if any, of funds for force-placed insurance. Section 5 states in pertinent part:

> Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower, secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

26. M&T did not charge the premiums for "force-placed insurance" as "additional debt" as required by of Section 5 of the Uniform Covenants contained in the mortgage. Instead, M&T charged the force-placed insurance against the Plaintiffs' escrow account causing a large shortage.

27. The Plaintiffs' mortgage at section 2 states the following:

4

    2. **Application of Payments or Proceeds**. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

    If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

    Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

28.     On January 21, 2014 the Cutchins sent M&T a Notice of Servicing Error and Qualified Written Request notifying M&T that the Cutchens had paid for their insurance directly and that they were tax exempt. A copy of the Notice of Servicing Error is filed herewith as Exhibit "B" and incorporated by reference.

29.     In addition, a notice of representation was sent to M&T on January 21, 2014, requesting that M&T discontinue contacting the Cutchins directly and instead contact the Cutchins' lawyers. See Exhibit "C" attached hereto and incorporated by reference.

30.     In spite of the notice of representation, M&T has continued to contact the Plaintiffs directly.

31.     As a part of its harassment campaign M&T hired Safeguard to snoop and spy on the Plaintiffs.

32. Safeguard performs "field agent" services for a number of mortgage servicers including M&T.

33. All of the communications attributable to Safeguard described herein were engaged while performing "field agent" services for M&T.

34. Safeguard markets its services to mortgage companies with delinquent and defaulted borrowers.

35. According to its website, "Safeguard is an industry leader in default property management." See http://safeguardproperties.com/Services.aspx.

36. One of Safeguard's default services is "Property Inspection." "Inspectors visit defaulted properties to verify the occupancy status," says Safeguard's website at http://safeguardproperties.com/Services/Property_Inspections/Exterior_Inspections.aspx.

37. Safeguard, on more than on occasion, has trespassed on Plaintiffs' property taking photographs in both the front and back yards.

38. Plaintiffs were intimidated, annoyed, and aggravated at the visits to their home by Safeguard representatives. Plaintiffs observed them on several occasions and asked them to leave the property.

39. On other occasions, Safeguard has mailed postcards and left "door hangers" on Plaintiffs' front door requesting that Plaintiffs' contact Bank of America or M&T. These are filed herewith as Exhibit "D" and incorporated by reference.

40. Each of the contacts by Safeguard, complained of herein, was made during the last 12 months and within the one-year limitations period of the FDCPA.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT
## ("FDCPA")

41.     The Plaintiffs adopt and reallege all prior paragraphs as if set out here in full.

42.     The debt at issue herein is a consumer debt because it was secured by a mortgage on the plaintiffs' principal residence.

43.     M&T is a debt collector because it received an assignment of the debt at issue after the debt was considered by it to be in default.

44.     M&T has violated the FDCPA in at least the following ways by:

   a. Engaging in conduct designed to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt;

   b. Failing to make the disclosures requited by 15 U.S.C. §§ 1692e and 1692g;

   c. Misrepresenting the character or legal status of the debt;

   d. Attempting to collect sums that are not due;

   e. Threatening to take non-judicial action to effect dispossession of the plaintiff's property when it had no legal right to do so;

   f. Contacting the consumer directly in violation of 15 U.S.C. § 1692c(a)(2); and

   g. Otherwise violating the FDCPA.

45.     Safeguard uses the mails and telephone system in the course of its business.

46.     Safeguard is a debt collector as defined by the FDCPA.

47.     Safeguard violated the FDCPA in at least the following ways by:

7

    a. Engaging in conduct designed to harass, oppress, or abuse the plaintiff in connection with the collection of a debt;

    b. Failing to make the disclosures requited by 15 U.S.C. §§ 1692e and 1692g;

    c. Communicating with the plaintiffs concerning a debt by use of postcards in violation of 15 U.S.C. § 1692f(7); and

    d. Otherwise violating the FDCPA.

  WHEREFORE, Plaintiffs demand judgment for actual damages, statutory damages, and attorney's fees for each violation.

## COUNT TWO
## NEGLIGENCE

  48. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

  49. M&T, its agents and its employees have been negligent in their managing and servicing of Plaintiffs' mortgage account. M&T's negligence includes, but is not limited to, (1) the mis-allocation or misplacement of payments made by Plaintiffs; (2) the failure to accurately account for the payments made by Plaintiffs; (3) failing to properly credit payments; (4) the imposition of improper and unauthorized charges, including charges for lender placed insurance where there was no basis for the imposition of such insurance; (5) instituting foreclosure, threatening foreclosure and otherwise holding Plaintiffs out as being in default when M&T knew or should have known that Plaintiffs were in compliance with the terms of their mortgage and (6) reporting false and inaccurate information to credit bureaus regarding the account.

50. M&T has also failed to properly train and supervise its agents and employees and this failure has caused or contributed to the plaintiffs' damages herein.

51. These actions constitute negligence and Plaintiffs have suffered damage as a proximate result thereof.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor against M&T, for all compensatory damages, including mental anguish and emotional distress, plus and costs.

## COUNT THREE
## WANTONNESS/WILLFULNESS

52. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

53. M&T has been wanton in the managing and servicing of Plaintiffs' mortgage account. M&T's wantonness includes, but is not limited to, (1) the mis-allocation or misplacement of payments made by Plaintiffs; (2) the failure to accurately account for the payments made by Plaintiffs; (3) failing to properly credit payments; (4) the imposition of improper and unauthorized charges, including charges for lender placed insurance where there was no basis for the imposition of the amount of such insurance; and (5) threatening foreclosure and otherwise holding Plaintiffs out as being in default when M&T knew or should have known that Plaintiffs were in compliance with the terms of their mortgage. These acts and omissions were taken with a willful, wanton, reckless or conscious disregard for the Plaintiffs' rights and well-being, and have damaged Plaintiffs.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor against M&T for compensatory damages, including mental anguish and emotional distress, as well as punitive damages and costs.

## COUNT THREE
## BREACH OF THE MORTGAGE AGREEMENT

54. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

55. M&T has breached the mortgage and note by, among other acts and omissions, (1) failing to provide credit for payments made by Plaintiffs, (2) failing to allocate payments as provided in the mortgage, (3) failing to properly make payments out of Plaintiffs' escrow account, (4) failing to cancel lender placed insurance, after it had proof of Plaintiffs' insurance.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor against M&T and award compensatory damages, including mental anguish and emotional distress, plus costs.

## COUNT FOUR
## RESPA VIOLATIONS

56. Plaintiffs reallege all the preceding allegations as if set out here in full.

57. Plaintiffs' loan is a federally related mortgage loan within the meaning of 12 U.S.C. § 2602(1).

56. M&T has violated RESPA, 12 U.S.C. § 2605(e)(2) and (3), by failing make appropriate corrections in the account of the Plaintiffs, including the crediting of any late charges or penalties; failing to conduct an investigation, failing to provide the Plaintiffs

with a proper written explanation or clarification and by failing to protect the credit rating of Plaintiffs.

57. M&T has engaged in a pattern and practice of improperly supervising and training its employees and thereby causing or allowing sloppy management of consumers' escrow accounts and making delinquent responses to qualified written requests from consumers.

WHEREFORE, Plaintiffs demand judgment against Defendant M&T for violation of RESPA awarding Plaintiffs the remedies provided under that statute, including but not limited to actual damages, statutory damages provided in 12 U.S.C. § 2605(f), attorney's fees and all costs of this litigation, and all other just, general and equitable relief.

## COUNT FIVE
## INVASION OF PRIVACY

58. Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

59. The actions taken by Safeguard, at the direction of M&T, in repeatedly driving by Plaintiffs' home and calling Plaintiffs' home in attempting to collect from Plaintiff monies not owed constitute a wrongful invasion of Plaintiffs' privacy. Defendants' actions caused wrongful intrusion upon Plaintiffs' home which has disrupted and harmed Plaintiffs' in such a manner as to cause outrage, mental suffering, shame and humiliation to any person with ordinary sensibilities.

WHEREFORE, Plaintiffs request that this Court enter a judgment against Defendants M&T and Safeguard for invasion of privacy and award Plaintiffs compensatory

damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT SIX
## TRESPASS

60. Plaintiffs adopt and reassert each and every allegation in each of the preceding paragraphs.

61. Safeguard was acting at the direction of M&T which caused, permitted, or enabled representatives of Safeguard's attendance on the premises without permission from Plaintiffs. Representatives of Safeguard were told to leave the premises. Such attendance caused Plaintiffs interruption and molestation.

62. Defendants' action constitutes trespass upon Plaintiffs' property. Defendant is liable to damages proximately caused therefrom.

WHEREFORE, Plaintiffs request that this Court enter a judgment against Defendants M&T and Safeguard for invasion of privacy and award Plaintiffs compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.
Underwood & Riemer, PC
Attorneys for Plaintiffs
21 South Section Street
Fairhope, AL 36532

(251) 990-5558 Telephone
(251) 990-0626 Fax
epunderwood@alalaw.com

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a trial by struck jury on all claims so triable before the Court.

/s/ Earl P. Underwood, Jr.

**DEFENDANTS TO BE VIA CERTIFIED MAIL AS FOLLOWS:**

M&T Bank Corporation
One M&T Plaza
Buffalo, NY 14203

Safeguard Properties, LLC
c/o CSC Lawyers Incorporating Srv Inc.
150 S Perry Street
Montgomery, AL 36104